## Frederick Kammann
### v.
## The People of the State of Illinois.

*Intoxicating Liquors—Indictment for Selling to Person while Intoxicated—Evidence—Witness—Whether Biased or Interested—Sufficiency of Record—Instructions.*

Kammann v. The People.

In a prosecution for selling intoxicating liquors to a certain person while intoxicated, it is *held:* That the time required to recover from the effects of intoxicating liquors was a question of fact for the jury; that the evidence that the article sold was whiskey, is sufficient; that there is nothing in the conduct of a certain witness for the prosecution to show that he was biased or interested; that the objection that the record does not show that the indictment, which was certified to the County Court for trial, was returned by a grand jury duly selected and sworn and having authority to find it, is not well taken, there being no application for a complete record; and that there was no error in the instructions.

[Opinion filed January 19, 1888.]

APPEAL from the County Court of Kankakee County; the Hon. THOMAS S. SAWYER, Judge, presiding.

Messrs. BARNUM, RUBENS & AMES, for appellant.

Mr. H. L. RICHARDSON, State's Attorney, for appellee.

WELCH, P. J.   This was a prosecution under an indictment found by the grand jury at the September term of the Kankakee County Circuit Court against Frederick Kammann, appellant, for selling intoxicating liquor to one Taylor Hatfield, while intoxicated, and also for selling intoxicating liquor to Taylor Hatfield, a person in the habit of getting intoxicated. This indictment was by order of the Circuit Court, certified to the County Court of Kankakee County for process and trial.   Plea of not guilty entered by Kammann; trial by jury; verdict finding him guilty on first count, not guilty as to balance.   The first count charges him with selling intoxicating liquor to said Hatfield, when he was intoxicated.   Motion for new trial; motion overruled; motion in arrest of judgment; motion overruled; judgment on verdict; appeal prayed and allowed.

Various errors are assigned.   1st. There is no evidence to sustain a conviction under the first count.   2d. The record does not show that the indictment upon which the defendant was tried was properly returned by a grand jury, duly selected and sworn and having authority to find such indictment.   3d. The court erred in not granting a new trial.

We shall consider the errors: 1st. That there is no evidence to sustain a conviction under the first count. Volney Dickey testifies: "He knew Kammann; he kept a hotel and saloon; have been in his saloon during the eighteen months just prior to September 27, 1886; I don't know how many times, but quite frequently. I know Taylor Hatfield; have seen him in Kammann's saloon during that eighteen months. I was in there one evening, saw Hatfield come in, and saw him out on the street prior to that, and he was quite intoxicated—that is, I would call him staggering drunk; he could not walk straight nor talk straight. After that I was in Kammann's and Hatfield came in there. Kammann was at the bar himself, and he stepped up to the bar and said, 'Give me some whiskey;' and Kammann gave him a bottle, and he drank, and he pulled out a little flask and said, 'Fill that;' and Kammann filled that, and he put some money on the counter, and he gave him some change, and he went out." It is claimed by counsel for Kammann that although the witness states that one evening he saw Hatfield on the street staggering drunk, that he could not walk straight or talk straight, and after that same evening he was in Kammann's saloon, and Hatfield came in there and asked Kammann for some whiskey, and Kammann gave him a bottle and Hatfield drank, and that Kammann filled a flask for him, and he put some money on the counter and Kammann gave him some change and he went out; that this did not show that Hatfield was intoxicated at the time Kammann sold him the whiskey. Hatfield's intoxication is shown on the same evening that the liquor was sold to him. Had he recovered from the effects of this drunkenness? We are not aware that either the court or jury can know, as a matter of law, how long it takes a person to recover from the intoxicating effects of spirituous liquors. This is a fact to be proven, as any other in the case. The jury had the right in determining this question to take into consideration their knowledge, experience and observation in regard to the length of time required for one to recover from his intoxication, which we assume the jury rightfully did in this case.

It is further claimed by counsel for Kammann, that there is no evidence as to what this bottle contained that Kammann handed Hatfield and from which he drank. Hatfield asked for whiskey and the bottle was handed to him by Kammann, and he drank and pulled out a little flask and said "fill that," and Kammann filled it. We hold that this evidence is sufficient that it was whiskey that Kammann sold him.

It is further claimed by counsel for Kammann that Dickey was a biased and interested witness. This claim is based on the fact that he wrote to the Woman's Christian Temperance Union of Grant Park, and told them of the approaching session of the County Court, and that if they had any interest in this case to attend to it; and that he asked two or three persons what they knew about it, and had telegraphed Cagwin and his answer to the question, "your object was to make out a case for the people?" "If the evidence—yes, the same as any other person would; just that much interest as a citizen. I have lived thirty years in this county and I propose to obey the law." There is nothing in the conduct of Dickey to show that he was biased or interested. He had the same interest that any good citizen should have that the laws be properly enforced.

The second error assigned: "The record does not show that the indictment upon which the defendant was tried, was properly returned by a grand jury duly selected and sworn, and having authority to find such indictment." Our statute is as follows: "When the grand jury of the Circuit Court shall indict for offenses cognizable in the County Court, such indictments may, in the discretion of said Circuit Court, be certified under the seal thereof to the County Court for process and trial, which process shall be the same as like process in the Circuit Court.

"In certifying indictments from the Circuit Court to the County Court, the clerk of the Circuit Court may use the following form, substantially:

"State of Illinois, } ss.
  County of ——— }

                    "I,———, Clerk of the Circuit Court,
in and for the county of ———, aforesaid, do certify that the

within bill of indictment was, on the ——— day of ——— duly presented in open court by the grand jury of said county, and being duly examined by the said Circuit Court, it was ordered by the court that the same be certified by the clerk of the Circuit Court to the County Court for process and trial, which is done accordingly.

"Which certificate, when indorsed on the back of any indictment shall be sufficient to warrant a trial and conviction of any party charged in any indictment so certified, and shall be deemed a sufficient record to au.horize the County Court to try the party so indicted: *Provided*, either party may ask for and obtain a rule on the clerk of the Circuit Court for a complete record, duly and properly certified, of any case pending in the County Court, having been certified as aforesaid; and it shall be the duty of the clerk of the Circuit Court to obey any rule of the County Court for the purpose aforesaid, and when a complete record shall be so certified to the County Court, said court shall be governed thereby in all repects in all its proceedings."

The certificate of the circuit clerk is in conformity with the statute. The record fails to show an application made by Kammann for a rule on the circuit clerk for a complete record, but he went to trial upon the indictment so certified by the circuit clerk. He can not now be allowed to complain. This error is not well taken.

It is further insisted by counsel for Kammann that the 2d instruction given for the people was erroneous and misleading. The 2d instruction is as follows:

"You are instructed that it is not necessary for the people to prove any specific days when sales were made. All that is necessary is to prove sales made within eighteen months prior to finding the indictment."

Under this instruction it is claimed a jury would be very apt to bring in a verdict of guilty upon mere proof of a sale within eighteen months, without regard to the condition of Hatfield at the time of the purchase. We do not consider this point well taken.

The object of this instruction was simply to inform the

jury that the exact date of the sales, as charged in the indictment, need not be proved; that it was sufficient, as far as that point was concerned, for the prosecution to show the selling of the intoxicating liquors took place within eighteen months. The whole instruction taken together means simply this and nothing more, and the jury must have so understood it. They could not have supposed that the instruction authorized them to find appellant guilty merely from the fact of the sale of whiskey to him without regard to his condition of intoxication at the time. Other instructions informed the jury fully upon this point. There was no error in giving it. The motion for a new trial was properly overruled.

The judgment is affirmed.

*Judgment affirmed.*